UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLA ALDOUS, P.C. d/b/a ALDOUS LAW FIRM, ET AL., | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. |
| VS. | ) ) | 3:12-CV-5028-G |
| HOLLY BLACK, ET AL., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the plaintiffs', Charla G. Aldous, P.C. d/b/a Aldous Law Firm and Charla Aldous ("Aldous") (collectively, "the plaintiffs"), motion to remand (docket entry 15). For the reasons set forth below, the motion is granted.

I. BACKGROUND

A. Factual Background

Aldous, a Texas citizen, practices law under her professional corporation, Charla G. Aldous, P.C., which does business as Aldous Law Firm. Plaintiffs' Original Petition ("Petition") ¶ 9 (docket entry 1-6). Charla G. Aldous, P.C. is a Texas

corporation with its principal place of business in Texas. Petition ¶ 2; Notice of Removal ("Notice") ¶ 5 (docket entry 1).

Sometime early in 2010, Aldous interviewed, and later hired, the defendant Holly Black ("Black") as her insurance agent to help her obtain professional liability insurance. Petition ¶¶ 9, 13. Black, a Texas citizen, was an account manager with HUB International Rigg ("HUB") in Dallas, Texas. *Id.* ¶¶ 5, 10.

During the interview process, Black stated that she and HUB were experts in legal professional liability insurance. *Id.* ¶ 10. Aldous required Black to ensure that she could place Aldous with an insurer that (1) had a well-established reputation of paying claims and (2) did a large amount of business locally and would assign a local adjuster in the event of a claim. *Id.* ¶ 11. Black represented that she could find an insurer that met both requirements. *Id.* ¶ 12. She also stated that she would have input in selecting the adjuster, would have influence over the adjuster, and would assist Aldous with any claims. *Id.* ¶¶ 12, 25. Aldous hired Black in reliance on Black's representations. *Id.* ¶ 13.

The defendant Darwin National Insurance ("Darwin") agreed to provide the plaintiffs with professional liability coverage beginning on March 1, 2010. *Id.* ¶ 14. Darwin is a Delaware corporation with its principal place of business in Delaware. Notice ¶ 6.

On February 15, 2011, Albert G. Hill III ("Hill") made a claim against Aldous in a pending lawsuit in which Aldous was seeking to recover attorney's fees she had earned while representing Hill. Petition ¶ 15. Aldous notified Black of the claim and requested that Black assign an adjuster and assist her, in keeping with Black's representations. *Id.* Darwin instead appointed an adjuster based in Connecticut who worked for a different insurance company that was not licensed to write insurance in Texas. *Id.* ¶ 16.

Darwin refused to pay all of Aldous's costs incurred during the lawsuit. *Id.* ¶ 18. Darwin insisted that Aldous's expenses related to her affirmative claims to recover attorney's fees were not covered under the policy. *Id.* ¶ 18. Darwin also indicated that it had the right to refuse to pay expenses like secretarial overtime and computer research. *Id.* ¶ 19.

Aldous later won the lawsuit against Hill, but she has not received payment. *Id.* ¶ 24. Aldous has incurred further legal expenses defending the judgment. *Id.* Darwin indicated that it expects and is entitled to reimbursement once Aldous recovers from Hill. *Id.*

B. <u>Procedural Background</u>

On November 14, 2012, the plaintiffs filed suit against Darwin and Black (collectively, "the defendants") in the County Court at Law No. 1 of Dallas County, Texas. *See generally* Petition. The plaintiffs asserted claims against Darwin for breach

of contract, violations of the Texas Insurance Code ("TIC") and Texas Deceptive Trade Practices Act ("DTPA"), breach of duty of good faith and fair dealing, and declaratory relief. *Id.* ¶¶ 28-45. The plaintiffs also brought a claim against Black for negligent misrepresentation. *Id.* ¶¶ 25-27.

Aldous seeks to recover her actual damages in defending against Hill's claim, including the cost of affirmative claims. *Id.* ¶ 34-35. Additionally, Aldous seeks three times the amount of actual damages and penalties provided by the TIC § 542.060, including 18% interest and attorney's fees. *Id.*

On December 7, 2012, Darwin removed the case to this court on the basis of diversity of citizenship.[1] Notice ¶ 3. On December 14, 2012, Darwin filed a motion to dismiss the claims against itself and Black.[2] *See generally* Defendant Darwin National Assurance Company's 12(b)(6) Motion to Dismiss and Brief in Support (docket entry 7).

On January 3, 2013, the plaintiffs filed the instant motion, arguing that removal was improper because complete diversity of citizenship does not exist between the parties. Motion to Remand ¶ 5. The plaintiffs accept that the amount in controversy exceeds $75,000. Motion to Remand ¶ 14. The defendants do not

---

[1] Black consented to the removal of the case. Notice ¶ 8.

[2] Darwin presented the motion to dismiss on Black's behalf.

- 4 -

dispute that Black, like the plaintiffs, is a citizen of Texas. Notice ¶ 7. Thus, the only issue before the court is whether Black was improperly joined as a defendant.

## II. ANALYSIS

### A. Legal Standard

#### 1. *Removal Jurisdiction*

28 U.S.C. § 1441(a) permits the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." The statute allows a defendant to "remove a state court action to federal court only if the action could have originally been filed in federal court." *Anderson v. American Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir. 1993). However, the removal statute must be strictly construed because "removal jurisdiction raises significant federalism concerns." *Willy v. Coastal Corporation*, 855 F.2d 1160, 1164 (5th Cir. 1988); see also *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). Therefore, "any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court." *Cross v. Bankers Multiple Line Insurance Company*, 810 F.Supp. 748, 750 (N.D. Tex. 1992) (Means, J.); see also *Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S. 100, 108-09 (1941). The party seeking removal bears the burden of establishing federal jurisdiction. *Willy*, 855 F.2d at 1164.

There are two principal bases upon which a district court may exercise removal jurisdiction: the existence of a federal question, *see* 28 U.S.C. § 1331, and complete

diversity of citizenship between the parties, *see* 28 U.S.C. § 1332.  Here, the removing defendants have alleged only diversity of citizenship as a basis of this court's jurisdiction.  The court can properly exercise jurisdiction on the basis of diversity of citizenship after removal only if three requirements are met:  (1) the parties are of completely diverse citizenship, *see* 28 U.S.C. § 1332(a); (2) none of the *properly joined* defendants is a citizen of the state in which the case is brought, *see* 28 U.S.C. § 1441(b)(2); and (3) the case involves an amount in controversy of more than $75,000, *see* 28 U.S.C. § 1332(a).  In this case, the plaintiffs and Black are both citizens of Texas.  Petition ¶¶ 2-3, 5.  However, Darwin claims removal is proper because Black has been improperly joined in this lawsuit.  Notice ¶ 7.

### 2.  *Improper Joinder and Remand*

The Fifth Circuit has recognized two grounds on which a court can find that a defendant was improperly joined:  "'(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'"  *Smallwood v. Illinois Central Railroad Company*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)), *cert. denied*, 544 U.S. 992 (2005).  The first of these two grounds is not applicable to this case.  To satisfy the second test for improper joinder, the defendants must demonstrate that "there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no

reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*

To determine whether the plaintiff is unable to establish a cause of action against a non-diverse defendant, the court should "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.* "The scope of the inquiry for fraudulent joinder, however, is broader than that for Rule 12(b)(6)."[3] *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003), *cert. denied*, 546 U.S. 813 (2005).

---

[3] The plaintiffs urge the court to apply the Texas "fair notice" pleading standard rather than the more stringent federal standard. Motion to Remand ¶ 20 n.5. Darwin does not present an argument regarding the proper pleading standard; rather, it argues that plaintiffs' allegations fail, as a matter of law, under either pleading standard. Darwin National Assurance Company's Response Brief in Opposition to Plaintiffs' Motion to Remand ("Response to Motion to Remand") at 3 n.1 (docket entry 19). It is not necessary to determine the proper pleading standard to decide this case. However, applying the state pleading standard seems most natural. See *De La Hoya v. Coldwell Banker Mexico, Inc.*, 125 F. App'x 533, 537 (5th Cir. 2005) (applying the Texas fair notice pleading standard to determine whether allegations were sufficient to state a claim under state law); *Durable Specialties, Inc. v. Liberty Insurance Corporation*, 2011 WL 6937377, at *5 (N.D. Tex. Dec. 30, 2011) (Lindsay, J.) (arguing that application of the Texas pleading standard is logical and compelled by fundamental fairness); *Edwea, Inc. v. Allstate Insurance Company*, 2010 WL 5099607, at *5 (S.D. Tex. Dec. 8, 2010) (noting that the majority of courts have held that when a state pleading standard is more lenient, a federal court should apply the state pleading standard to determine whether there is a reasonable basis for recovery in state court).

Normally, a district court should confine its improper joinder analysis to the pleadings. However, in rare cases, "in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder . . ., the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Smallwood*, 385 F.3d at 573. In this case, a Rule 12(b)(6) inquiry is appropriate because the defendants have not identified any omitted facts that would preclude plaintiffs' recovery against Black.

The party seeking removal bears the heavy burden of proving improper joinder. *Id.* at 574. The court must resolve all "contested issues of material fact, and any ambiguity or uncertainty in the controlling state law" in the plaintiffs' favor. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). The court does not "determine whether the plaintiff[s] will actually or even probably prevail on the merits of the claim [against the in-state defendant], but look[s] only for a possibility that the plaintiff might do so." *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308-09 (5th Cir. 2005) (citing *Dodson v. Spiliada Maritime Corporation*, 951 F.2d 40, 42-43 (5th Cir. 1992); *B., Inc. v. Miller Brewing Company*, 663 F.2d 545, 549 (5th Cir. 1981)). The court can only deny plaintiffs' motion for remand if as a matter of law there is absolutely no possibility that plaintiffs can state a valid claim against Black in state court. *B., Inc.*, 663 F.2d at 554. If the defendants cannot prove improper joinder, remand is mandated. *Smallwood*, 385 F.3d at 575.

A district court's order remanding a case to the state court from which it was removed is generally not reviewable on appeal or otherwise, "even if the district court's order was erroneous." *Angelides v. Baylor College of Medicine*, 117 F.3d 833, 836 (5th Cir. 1997) (citing *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 343 (1976); *Tillman v. CSX Transportation, Inc.*, 929 F.2d 1023, 1028 (5th Cir.), *cert. denied*, 502 U.S. 859 (1991)); *see* 28 U.S.C. § 1447(d). This rule allows state court actions to proceed without delay. *Mobil Corporation v. Abeille General Insurance Company*, 984 F.2d 664, 666 (5th Cir. 1993).

B. <u>Application</u>

The plaintiffs allege that Black made negligent misrepresentations when she told Aldous that she (1) would place Aldous with an insurer with a well-established reputation of paying claims, (2) would place Aldous with an insurer that did a large amount of business locally and would assign a local adjuster in the event of a claim, (3) would place Aldous with an insurer that would give Black input on assigning the adjuster, and (4) would personally have influence over the adjuster and assist Aldous with potential claims. Petition ¶ 25.

The Texas Supreme Court has adopted the definition of negligent misrepresentation in the Restatement (Second) of Torts §552. *Federal Land Bank Association of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991). "The elements of a cause of action for the breach of this duty are: (1) the representation is made by a

defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies 'false information' for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation." *Id.* The Restatement definition of negligent misrepresentation presumably applies to insurance agents. See *Nast v. State Farm Fire & Casualty Company*, 82 S.W.3d 114, 124 (Tex. App.--San Antonio 2002, no pet.). The plaintiffs contend that Black's actions satisfy the required elements for a negligent misrepresentation claim. Petition ¶¶ 26-27.

Darwin argues that Black has been improperly joined because there is no reasonable basis for this court to predict that Aldous might be able to recover from Black. Notice ¶ 14. Darwin contends that Black's statements are non-actionable because they are mere "puffery" -- "only subjective statements by Black to promote herself and her background, rather than objective statements of fact that could constitute a misrepresentation." Notice ¶ 12; Response to Motion to Remand at 4. The Texas Supreme Court has defined puffery as "an expression of opinion by a seller not made as a representation of fact." *Dowling v. NADW Marketing, Inc.*, 631 S.W.2d 726, 729 (Tex. 1982) (citing *Gulf Oil Corporation v. Federal Trade Commission*, 150 F.2d 106, 109 (5th Cir. 1945)).

Darwin relies on *Griggs* for examples of "puffery" comparable to the statements at issue here.  Response to Motion to Remand 4-5.  In *Griggs*, Griggs sued his insurer State Farm Lloyds and its agent Lark Blum after State Farm Lloyds denied his claims to recover on his homeowner's insurance.  181 F.3d at 698.  Griggs alleged breach of contract, breach of the common law duty of good faith and fair dealing, and violations of the TIC and DTPA.  *Id.* at 700.  Notably, unlike in this case, negligent misrepresentation was not at issue.  The court in *Griggs* concluded that Blum was improperly joined because Blum's statements that State Farm Lloyds would "handle Griggs' claims professionally" and that she would "monitor the progress of Griggs' claim" were "more in the nature of non-actionable puffery than actionable representations of material fact."  *Id.* at 701.  The court determined that such "general, undocumented and non-specific statements clearly fall short of the mark of actionable representations under Texas law."  *Id.* at 702.

Some of Black's representations clearly constitute "puffery."  Black's statements that she would have input in selecting the adjuster, that she would have influence over the adjuster, that she would assist Aldous with potential claims, and that she would find an insurer with a reputation for paying claims are based in Black's opinion and her own self promotion.  These representations are similar to the type of non-actionable puffery identified in *Griggs*.

However, Black's representation that Aldous would be placed with an insurer that did a large amount of business locally and that would assign a local adjuster in the event of a claim cannot be dismissed as puffery. Whether or not a local adjuster is assigned to a claimant is a matter of fact, not a matter of opinion. Although "a seller has some latitude in 'puffing' his goods, he is not authorized to misrepresent them or to assign to them benefits or virtues they do not possess." *Gulf Oil Corporation v. Federal Trade Commission*, 150 F.2d 106, 109 (5th Cir. 1945). Aldous indicated to Black that having an insurer with a local presence that would assign a local adjuster was a non-negotiable prerequisite of her hiring Black. Petition ¶¶ 11-13. In accepting that requirement, Black indicated that the same would be a "benefit or virtue" of her services. Aldous relied on receiving those benefits in selecting Black as her agent. Petition ¶ 13.

Black's representations are also far more specific than the type of generic promises of professionalism, timeliness, and competence that were offered in *Griggs*. 181 F.3d at 700. In his petition, Griggs simply "mention[ed] Blum once in passing, then fail[ed] to state any specific actionable conduct on her part whatsoever." *Id.* at 699. The only factual allegation that Griggs made even mentioning Blum was that she had issued an insurance policy for State Farm Lloyds. *Id.* Griggs unsuccessfully attempted to attribute State Farm Lloyd's conduct to Blum. *Id.* Moreover, the

record indicated that Griggs did not even intend to pursue his claims against Blum. *Id.*

By contrast, in this case, the plaintiffs make a number of allegations specific to Black. The plaintiffs do not simply attribute their claims against Darwin to Black; rather, they make two factually and legally distinct sets of claims. Further, there is no indication that plaintiffs were ever uninterested in pursuing Black. Black's representations are distinguishable from the generic "puffery" offered in *Griggs* and similar cases. See, *e.g.*, *Kyger v. VeraVest Investments, Inc.*, 2004 WL 1043111, at *2 (N.D. Tex. May 6, 2004) (McBryde, J.) (concluding that "loose optimistic allegations" that defendant would "look out for" plaintiffs and that plaintiffs' "worries would be a thing of the past" are not actionable).

Darwin also contends that Black's promises are not actionable because they relate to future conduct rather than existing fact. Notice ¶ 12. Texas courts have noted that "the sort of 'false information' contemplated in a negligent misrepresentation case is a misstatement of *existing fact*, not a promise of future conduct." *Allied Vista, Inc. v. Holt*, 987 S.W.2d 138, 141 (Tex. App.--Houston [14th Dist.] 1999, pet. denied) (citing *Airborne Freight Corporation, Inc. v. C.R. Lee Enterprises, Inc.*, 847 S.W.2d 289 (Tex. App.--El Paso 1992, writ denied)). Whether Black's statements were misstatements of existing fact depends on her presumably substantial knowledge of the insurance industry. As the plaintiffs point out, Black's

representations were misstatements of existing fact to the extent that she knew that she could not obtain an insurer with the qualities she promised. Plaintiffs' Reply Regarding Motion to Remand ¶ 5 (docket entry 21). A defendant cannot escape liability by knowingly making false statements to induce reliance and later recasting them as promises of future conduct.

Moreover, it appears that Black did not notify Aldous that she would be unable to obtain insurance on the terms represented. If Black learned that she would be unable to find an insurer with the specified qualities, she would have had an obligation to inform Aldous. See *Brown & Brown of Texas, Inc. v. Omni Metals, Inc.*, 317 S.W.3d 361, 384 (Tex. App.--Houston [1st Dist.] 2010, pet denied) ("[W]hen one makes a representation, new information must be disclosed when that new information makes the earlier representation misleading or untrue."); see also *Insurance Network of Texas v. Kloesel*, 266 S.W.3d 456, 478 (Tex. App.--Corpus Christi 2008, pet. denied) ("[W]hen the [insurance] agent's knowledge is composed of his client's instructions regarding the qualities desired in a policy, the client may rightly assume that the agent will procure a policy in conformance with such knowledge.").

Darwin argues that Black's representations are non-actionable and do not create a duty to disclose because her representations involved characteristics of the insurer and adjuster rather than specific terms of a policy. Darwin National Assurance Company's Reply in Support of Its 12(b)(6) Motion to Dismiss and Brief

in Support at 4 (docket entry 18); Response to Motion to Remand at 6. While misrepresentations must relate to specific policy terms to be actionable under the DTPA and TIC, Darwin has not demonstrated that the same requirement applies to the negligent misrepresentation claim against Black. See, *e.g.*, *Griggs*, 181 F.3d at 701; *Druker v. Fortis Health*, 2007 U.S. Dist. LEXIS 402, at *15-16 (S.D. Tex. Jan. 4, 2007) ("Regarding Plaintiff's DTPA and TIC claims, another established prerequisite to recovery . . . is that the alleged misrepresentations by the insurance agent(s) relate to '*specific* policy terms.'").

Since Darwin has not shown that, as a matter of law, plaintiffs' negligent misrepresentation claim against Black has no possibility of success, this court concludes that Black was properly joined in this case. As a result, complete diversity of citizenship is absent, and this case will be remanded for lack of subject matter jurisdiction.

### III. CONCLUSION

For the reasons stated above, the plaintiffs' motion to remand is **GRANTED**.

This case is **REMANDED** to the **County Court of Law No. 1 of Dallas County, Texas**.

The clerk shall mail a certified copy of this memorandum opinion and order to the County Clerk of Dallas County, Texas. 28 U.S.C. § 1447(d).

**SO ORDERED**.

June 20, 2013.

_____
**A. JOE FISH**
**Senior United States District Judge**